UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RODDY NIXON JAMES, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:10-CV-125 |
| ) | *Chief Judge Curtis L. Collier* |
| SHERIFF JIM HAMMOND, DR. ROBERT ) | |
| STOKES, DR. WILLIAM CHISOLM and ) | |
| ERLANGER MEDICAL, dba HAMILTON ) | |
| COUNTY MEDICAL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

Roddy Nixon James, Jr., a prisoner in the Hamilton County jail, has filed this *pro se* civil rights suit for injunctive and monetary relief under 42 U.S.C. § 1983. Defendants are Hamilton County Sheriff Jim Hammond, two physicians, and Erlanger Medical, dba Hamilton County Medical. The latter three defendants, according to the complaint, provide medical care to inmates in the jail. Each defendant, except the medical entity, is sued in his official capacity.

Based on the financial data supplied in plaintiff's affidavit, his application to proceed without prepayment of fees [Ct. File No. 1] is **GRANTED**. Nonetheless, because plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. Payments should be sent to: <u>Clerk, USDC; 900 Georgia Avenue, Room 309; Chattanooga, TN 37402.</u>

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined. This order shall by placed in plaintiff's prison file and follow him if he is transferred to another correctional institution.

The complaint now must be screened to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore*, 114 F.3d at 607. If so, this action must be dismissed.

In his complaint, plaintiff makes two claims. In the first claim, plaintiff alleges he is being unfairly denied access to legal research in connection with a lawsuit he intends to file *pro se*. More specifically, he claims he has been waiting for three or more weeks for legal materials from the legal researcher, who is under contract to the jail to provide this

service to its inmates. Further, this individual is denying inmates at the jail access to such materials.

In the second claim, plaintiff maintains that he has a liver disease, i.e., hepatitis C positive—a fact known by the jail medical staff for at least seven years. Even so, plaintiff is being denied interferon to treat his condition. Though he has filed grievances and written letters to Chief Shockley, defendant physicians William Chisolm and Robert Stokes have stated they: 1) will not treat his disease, 2) have not treated any inmate with interferon due to its expense, and 3) will not provide this treatment to plaintiff. In addition, plaintiff contends he needs surgery on a hernia, which both defendant doctors have refused to order, although an operation is the only way to fix the hernia. Finally, plaintiff has been diagnosed with a respiratory infection, the cause of which he attributes to a large patch of black mold on the ceiling and walls of his cell, within feet of where he sleeps and is confined. This mold has made him very sick.

The Court infers plaintiff is asserting claims under the First Amendment—for denial of access to courts—and the Eighth Amendment—for denial of medical attention and decent confinement conditions. For ease of discussion, the Court will address the complaint under three main categories.

I. **STANDING**

Plaintiff's contention that the legal researcher is refusing jail inmates access to legal materials implicates the standing doctrine, which derives from Article III and restricts federal court jurisdiction to "cases and controversies." U.S. CONST. art. III, § 2,

cl.1. To show he has standing, a plaintiff must demonstrate three things: (1) an injury in fact or a harm that is "actual or imminent, not conjectural or hypothetical," (2) causation, and (3) redressability. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (citations omitted).

An injury in fact is defined as "an invasion of a legally protected interest which is . . . concrete and particularized," with "particularized . . . mean[ing] that the injury must affect the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 and n.1 (1992). Plaintiff has not and cannot show how *he* personally is harmed by the denial of access to legal materials to *other* inmates. Thus, absent an injury in fact, plaintiff lacks standing to assert the rights of other inmates.

II.  **FIRST AMENDMENT**

A prisoner has a First Amendment right "to petition the Government for redress of grievances," and this includes a right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to succeed on a claim for denial of access to the courts, plaintiff must show he has actually been impeded in his efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This means a plaintiff "must plead and prove prejudice stemming from the asserted violation. Plaintiff[] must demonstrate, for example, that the [alleged infringement of his right] caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Lewis*).

Plaintiff has shown no "litigation related detriment" to this or any other civil case or to any pending criminal case. *See id.* And, the Court would note there is no free standing, abstract right to a prison law library. *Id.* (citing *Bounds*). Therefore, because it does not appear plaintiff has suffered an actual injury in his efforts to litigate a non-frivolous claim, he fails to state a claim for denial of his right of access to the courts.

III. **EIGHTH AMENDMENT**

The law is clear: "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). An Eighth Amendment claim is composed of two parts: an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires him to show a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). A prisoner's medical claim is controlled by *Estelle v. Gamble*, 429 U.S. 97 (1976), which holds that the Eighth Amendment is violated when prison authorities are deliberately indifferent to the serious medical needs of prisoners. A medical need may be objectively serious if even a lay person would recognize the seriousness of the need for medical care. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). The subjective component requires a showing of a sufficiently culpable state of mind—deliberate indifference. *Farmer*, 511 U.S. at 842.

Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment once prescribed." *Estelle*, 429 U.S. at 104-05;

*Tatu v. Winslow*, 122 Fed.Appx. 309, 310, 2005 WL 95852, *1 (9th Cir. 2005) (finding an inmate had pled a constitutional violation by alleging the supervisor of a prison medical care system denied and delayed treatment for his hepatitis C infection). However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106. Nor does a disagreement with medical care providers as to appropriate treatment for an inmate's ailments present a constitutional controversy. *See id.* at 105-06; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (disagreement between prison physician and physician who originally prescribed medications not of constitutional magnitude).

    A. *Medical Claims*

The Court will assume plaintiff has described a serious medical need by asserting he has hepatitis C virus and a hernia. However, plaintiff has not set forth any facts to show defendant doctors were deliberately indifferent to either condition. Defendant doctors did not disregard plaintiff's need for medical care because, by his own allegations, he consulted with them about those conditions. *Farmer*, 511 U.S. at 835-36 (concluding that, by taking reasonable measures to abate the harm, a defendant avoids liability, even if the harm is not averted). The fact plaintiff reports they did not order either the interferon medication or surgery is not a constitutional matter but is, if anything, medical negligence.

While plaintiff finds fault with the defendant doctors' remarks concerning the expense involved with interferon treatment, the Eighth Amendment does not entitle an inmate "to demand specific care. [An inmate] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Fasc. v. Chapel*, 468 F.2d 1072, 1076 (6th Cir. 1972) (finding that the Eighth Amendment does not require that every request for medical care made by prisoner be honored). As long as the treatment actually afforded an inmate squares with constitutional standards, he has no right to demand second opinions, a certain physician, or a particular treatment. *Estelle*, 429 U.S. at 106-07; *McCracken v. Jones*, 562 F.2d 22 (10th Cir. 1977). The Court finds nothing in the pleadings to suggest that any defendant was deliberately indifferent to plaintiff's serious medical needs.

B. *Conditions Claim*

Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. Macmillan*, 503 U.S. 1, 8-9 (1992). When prison conditions are concerned, an extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show the risk of which he complains is not one that today's society chooses to tolerate." *Healing*, 509 U.S. at 36 (emphasis in original); *see also Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) (Conditions can be restrictive and even harsh, but they do not violate the Eighth Amendment unless they deprive the inmate of "the minimal civilized measure of life's necessities.").

As noted earlier, a conditions-of-confinement claim must contain allegations showing an objective, sufficiently serious deprivation and sufficiently culpable state of mind

7

on the part of a defendant, i.e., deliberate indifference.  *Farmer*, 511 U.S. at 834 and 842; *Spencer v. Bourchard*, 449 F.3d 721, 727-28 (6th Cir. 2006) (applying *Farmer* to examine pretrial detainee's claim of inadequate shelter due to cold, wet conditions).

Relevant too is the length of time an inmate is subjected to an alleged unconstitutional condition.  *See Bell v. Wolfish*, 441 U.S. 520, 543 (1979) ("Our conclusion [that double-bunking is constitutionally permissible] is further buttressed by the detainees' length of stay. . . .  Nearly all of the detainees are released within sixty days."); *Hutt v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Holloway v. Gunnel*, 685 F.2d 150, 156 (5th Cir. 1982) ("allegations of two days of discomfort are not sufficient to state a claim of constitutional dimension").

Applying the standards above, the Court finds plaintiff has not alleged a deprivation which has resulted in a denial of the minimal civilized measure of life's necessities.  Plaintiff does not specify the length of time he was exposed to the mold and has not shown black mold is a condition which society does not wish to tolerate.  But even if plaintiff has made such a showing, he does not indicate whether and to whom he reported the problem.  Without this information, the Court cannot examine whether a sufficiently culpable state of mind existed on the part of a defendant.

One final note is in order.  Plaintiff has not connected defendant Hammond to any constitutional wrongdoing or made any allegations whatsoever against him.  However, to the extent defendant sheriff is named as a party to this lawsuit under the theory of respondent superior, or an employer's right to control any employees who may have failed

to provide adequate medical care or to control the black mold, this theory cannot provide a basis for § 1983 liability. *Taylor v. Michigan Depot of Corrections,* 69 F.3d 76, 80-81 (6th Cir. 1995).

In view of the above analysis, this complaint will be **DISMISSED** *sua sponte* by separate order, for failure to state a claim entitling plaintiff to relief.

**ENTER**:

CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE